Before the First Division, December 7, 1944

**No. 49845.**—Protests 38152–K, etc., of Hudson Mdse. Co. (New York).

Opinion by Oliver, P. J. In accordance with stipulation of counsel that the merchandise consists of beads composed wholly or in chief value of glass, similar to those involved in *Eitinger Bead Co.* v. *United States* (13 Cust. Ct. 50, C. D. 867), the claim at 35 percent under paragraph 1503 was sustained.

**No. 49846.**—Protests 110177–K, etc., of Emil Buschhoff & Co. et al. (New York).

Opinion by Walker, J. It was stipulated that the hides are of cattle of the bovine species.and are similar in all material respects to those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807). It was further stipulated that they were entered for consumption or withdrawn from warehouse for consumption on or after the effective date of the Argentine Trade Agreement (T. D. 50504). In accordance therewith the claim at 5 percent under paragraph 1530 (a) as modified was sustained.

**No. 49847.**—Protest 58775–K of John A. Conkey & Co. (Boston).

Opinion by Walker, J. It was stipulated that the merchandise·in question is the same in all material respects as the East India partially tanned cowhides, the subject of *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807). In accordance therewith the claim at 10 percent was sustained.

**No. 49848.**—Protest 101156–K of Hugo Brand Tannery Co. (New York).

Opinion by Walker, J. It was stipulated that the hides are of the same kind in all material respects as those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807) and Abstracts 49533 and 49535. In accordance therewith the claim at 5 percent was sustained.

**No. 49849.**—Protest 82794–K of Golden Gate Basket Factory (San Francisco).

Opinion by Walker, J. When the case was called for trial the examiner who had advisorily classified the item described it as "a piece of veneer, possibly 12 or 13 inches square, uniform size, having a tin top with indentation on the surface at which points the wood is to be bent to make a fruit box." He further stated on cross-examination that it had been further advanced than "just plain wood." On the record presented the court could see no reason for disturbing the action of the collector, which was held presumptively correct.